Gjidija v. United States of America

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-one.

PRESENT:
> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Naim Gjidija,

> *Plaintiff-Appellant*,

> v.                                                                     No. 19-2668

United States of America, Federal Bureau of Prisons, United States Department of Justice, Department of Homeland Security, United States Immigration and Customs Enforcement, Robert M. Wilkinson, Acting United States Attorney General, Warden in Charge of USP McCreary, Secretary of the DHS, Ronald D. Vitiello, Deputy Director of DHS,

> *Defendants-Appellees*,

John Doe, 1-4,

*Defendants.**

FOR PLAINTIFF-APPELLANT:                    NAIM GJIDIJA, pro se, Bronx, NY.

FOR DEFENDANTS-APPELLEES:                   JENNIFER C. SIMON (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Naim Gjidija, proceeding pro se, appeals from the district court's judgment dismissing his complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]  In a complaint he filed through counsel, Gjidija brought this action against the United States, as well as several federal agencies and individuals.  He raised claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), arising out of his immigration detention. Immigration and Customs Enforcement ("ICE") commenced removal proceedings against Gjidija in 2003 based on his 2001 conviction for possession of marijuana.  The removal proceedings did

---

\* The Clerk of Court is directed to amend the caption to conform to the above.

[1] Gjidija also moves in this Court for leave to supplement his appendix.  We deny that motion because Gjidija has not shown that the proffered news article was "omitted from" the record "by error or accident," or that it is "material" to this appeal.  Fed. R. App. P. 10(e)(2).

2

not advance because Gjidija was arrested and indicted for his role in an armed robbery crew. *See Gjidija v. United States*, No. 06-cv-4903 (JFK), 2007 WL 2049727, at \*1 (S.D.N.Y. July 16, 2007). In connection with that indictment, Gjidija pleaded guilty to participating in robberies and burglaries, being a felon in possession of a firearm, and mail fraud. *Id.*

After Gjidija served his sentence for these convictions, he was taken into ICE custody and removal proceedings against him began again. Gjidija moved to terminate the removal proceedings, claiming that he was a United States citizen. An immigration judge rejected Gjidija's citizenship claim, however, and that ruling was affirmed by the Board of Immigration Appeals ("BIA"). No appeal of that ruling was filed. An immigration judge subsequently ordered that Gjidija be removed from the United States. In 2016, however, ICE released Gjidija from custody because Kosovo, the planned country of removal, refused to issue the necessary travel papers. Gjidija then brought the suit under the FTCA from which this appeal stems. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In the context of a dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), we review the district court's factual findings for clear error and review its legal conclusions de novo. *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 184 (2d Cir. 2020). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may resolve a motion to dismiss for lack of subject-matter jurisdiction by referring to evidence outside the pleadings. *Id.*

The FTCA provides a limited waiver of the United States government's sovereign

3

immunity. It confers jurisdiction on federal district courts for tort suits against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA excepts from the waiver, however, any "claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid." *Id.* § 2680(a). Exercising due care "implies at least some minimal concern for the rights of others." *Myers & Myers, Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1262 (2d Cir. 1975) (quoting *Hatahley v. United States*, 351 U.S. 173, 181 (1956)).

The due care exception precluded the district court from exercising subject-matter jurisdiction over Gjidija's FCTA claims. As the district court recognized, Gjidija's detention was mandated by statute: first, because he had been convicted of qualifying criminal offenses, *see* 8 U.S.C. § 1226(c)(1) ("The Attorney General shall take into custody any alien who . . . is deportable by reason of having committed [certain identified offenses] . . . ."); and later, because he was subject to an order of removal, *see* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). On appeal, Gjidija does not challenge the district court's determination that the detention of an alien is mandatory under these statutes. Instead, liberally construing Gjidija's arguments, he asserts that the defendants did not act with due care because they knew or should have known that he was not an alien, having derived United States citizenship from his father. This argument fails, however, because Gjidija's claim to citizenship was rejected in his removal proceedings, and that conclusion by the BIA has never been overturned on appeal. Gjidija's detention was authorized—and, in fact, mandated—by statute as the

4

administrative proceedings confirmed that Gjidija was an alien.   In light of that authorization, we must conclude that the defendants did not fail to exercise due care in detaining him.

To the extent that Gjidija's complaint sought an adjudication of his citizenship status in the district court, the district court properly found that it lacked jurisdiction to address that question. To obtain a ruling on citizenship in a federal court, a person claiming citizenship may (1) petition for review of a contrary BIA decision in a circuit court of appeals, *see* 8 U.S.C. § 1252, or (2) petition for a declaration of citizenship under 8 U.S.C. § 1503(a).  *See Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396–97 (5th Cir. 2007) (explaining the two avenues by which a "person generally may pursue a citizenship claim").   Gjidija is not petitioning in the current appeal for review of the BIA decision, issued in 2016; and even if his 2018 complaint could reasonably be construed as a petition for review of the 2016 BIA decision, it would be untimely. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").   Nor does Gjidija's complaint seek a judicial declaration of citizenship.   But, even if it did, that relief would be unavailable to Gjidija because his citizenship was at issue in his removal proceedings, and the law precludes it from being raised again in this posture.   *See* 8 U.S.C. § 1503(a) ("[N]o such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding.").[2]

Because the district court did not err in dismissing the complaint on the above grounds, we

---

[2]  To the extent Gjidija seeks review of the BIA's ruling, he should contact an immigration lawyer, or an immigration legal services organization, to look into whether there is any means by which he can pursue his claim that he is a citizen before the proper immigration authorities.

decline to address the alternative grounds for dismissal that it cited. To the extent Gjidija asserts new § 1983 claims for violations of, among other things, his Eighth Amendment rights, we decline to consider them because they were not adequately raised before the district court. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration omitted)).

We have considered Gjidija's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Gjidija's motion to supplement the appendix.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court